UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FREDERICK ALAN AVILA,** | No. CV 14-02159-VBF(CW) |
| Petitioner, | OPINION AND ORDER |
| v. | Declining to Exercise Statutory Discretion to Deny Unexhausted Claims on their Merits; |
| SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN LUIS OBISPO, SAN LUIS OBISPO COUNTY JAIL, | Dismissing the Habeas Petition Without Prejudice for Failure to Exhaust State-Court Remedies; |
| Respondents. | Denying a Certificate of Appealability |

Proceeding *pro se*, California state prisoner Frederick Alan Avila ("petitioner") brings this action for a writ of habeas corpus pursuant to 28 U.S.C. section 2254. For the reasons which follow, the Court will summarily dismiss the petition without prejudice for failure to exhaust state-court remedies. The Court will also direct entry of judgment by separate document and will decline to issue a certificate of appealability.

This court has a duty to screen applications for habeas corpus relief. *See* Rules Governing § 2254 Cases in the United States District Courts ("2254 Rules"), Rule 4 Advisory Committee Notes. Rule 4 requires a district court to promptly examine a habeas petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not then entitled to relief in the district court, the

judge shall make an order for summary dismissal of the petition. See 2254 Rule 4; *see also* C.D. Cal. LCivR 72-3.2 (authorizing magistrate to prepare proposed summary-dismissal order and judgment for district judge if it plainly appears from face of petition that petitioner is not entitled to relief).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents them to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995)(per curiam), 28 U.S.C. § 2254(b)(1)(A). A petitioner satisfies the exhaustion requirement if he has fairly presented his federal claims to the state's highest court, in order to give the state the opportunity to pass upon alleged violations of its prisoners' federal rights. *Duncan*, 513 U.S. at 365; *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004).

Although it is not entirely clear, it appears that petitioner is seeking to challenge his misdemeanor conviction and sentence in San Luis Obispo County Superior Court case no. M456017. Petitioner repeatedly indicates on his form petition that he has not presented any of his claims to the California Supreme Court;[1] therefore, the petition is fully unexhausted. *See Larche v. Simons*, 53 F.3d 1068, 1072 (9th Cir. 1995) ("[T]he exhaustion requirement dictates that the California Supreme Court be given the opportunity to correct any constitutional errors a misdemeanant may raise. We therefore hold that before turning to the federal courts for habeas review, misdemeanants must present their constitutional claims to the California Supreme Court by means of state habeas petitions."), *cited by McMontagle v. Meyer*, 2012 WL 273165, *4 (E.D. Cal. Jan. 30, 2012) ("California misdemeanor defendants, whose original challenges to the conviction are concluded before reaching the state Supreme Court, must present their constitutional claims to the state Supreme Court in a habeas petition in order to exhaust the claims for federal habeas purposes.").[2] Because

---

[1] A search of the California Court of Appeal Case Information online database likewise reveals no indication that petitioner has filed a habeas petition in the California Supreme Court. *See* http://appellatecases.courtinfo.ca.gov.

[2] Under California law, misdemeanor appellants, unlike felony appellants, cannot directly appeal their conviction and sentence to the California Supreme Court. *See Larche*, 53 F.3d at 1071–72. Instead, direct appeal of a misdemeanor criminal conviction is to the appellate division of the Superior Court. *See* Cal.

it thus plainly appears from the face of the petition that relief is not available, and the deficiencies cannot be cured by amendment, the petition should be dismissed. *See generally* 28 U.S.C. § 2254(b).

### THE COURT DECLINES TO CONSIDER THE MERITS OF THE UNEXHAUSTED CLAIMS

**The Court is aware that it has express statutory authority to deny unexhausted claims on their merits.** Title 28 U.S.C. § 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *See, e.g., D.A.'s Office for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 75-76, 129 S. Ct. 2308, 2324 (2009) (J. Alito, concurring, joined by J. Kennedy) ("[E]ven though respondent did not exhaust his state court remedies, his claims may be rejected on the merits, *see* 28 U.S.C. § 2254(b)(2), because a defendant who declines the opportunity to perform DNA testing at trial for tactical reasons has no constitutional right to perform such testing after conviction."); *Murray v. Schriro*, No. 08-99013, – F.3d –, 2014 WL 998019, *24 (9th Cir. Mar. 17, 2014) ("Even if this were not unexhausted and procedurally defaulted, it is without merit.") (citing 28 U.S.C. § 2254(b)(2) and *Bell v. Cone*, 543 U.S. 447, 451 and n.3, 125 S. Ct. 847 (2005)); *Cortez v. Fakhoury*, No. 10-56046, – F. App'x –, 2014 WL 721865, *1 (9th Cir. Feb. 26, 2014) ("The state maintains that this claim is unexhausted. We need not address this issue because Cortez does not raise a colorable federal claim.") (citing § 2254(b)(2) and *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005)); *Henry v. Ryan*, 720 F.3d 1073, 1079-80 (9th Cir. 2013) ("We need not reach this [procedural default] issue, however, because the merits of the claim have been fully briefed, and the district court assumed that it was not barred and reached the merits of the claim. We therefore exercise our discretion to deny the claim on the merits as permitted by 28 U.S.C. § 2254(b)(2).").

**The Ninth Circuit sets a high bar, however, before a court may conclude that a habeas claim is so obviously and indisputably weak that it may be denied despite the lack of exhaustion.** "The Ninth Circuit, adopting the standard set forth in *Granberry* [*v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671

---

Penal Code § 1466. The California Court of Appeal thereafter may order the case transferred to it for hearing and decision – either upon certification by the superior court appellate division, petition for transfer by a party, or the court's own motion. *See* Cal. R. Ct. 8.1002, 8.1005, 8.1006. An order by the Court of Appeal denying a request for transfer is final immediately, and it is not reviewable by the California Supreme Court. *See* Cal. R. Ct. 8.1018(a), 8.500(a)(1). Accordingly, direct review does not offer a misdemeanant an alternative avenue by which to satisfy the exhaustion requirement.

(1987)], held that it is appropriate to deny an unexhausted claim on the merits under § 2254(b)(2) when it is *perfectly clear* that the applicant does not raise *even a colorable* federal claim." *Bodnar v. Davis*, 2014 WL 794575, *8 (C.D. Cal. Feb. 26, 2014) (citing *Cassett*, 406 F.3d at 623-24) (emphasis added). Moreover, comity and respect for State courts suggest that a federal court should not be too quick to conclude it is "perfectly clear" that habeas claims are not even colorable. As our Circuit has explained,

> [T]he principle of comity counsels in favor of a standard that limits a federal court's ability to deny relief under [28 U.S.C.] § 2254(b)(2) to circumstances in which it is perfectly clear that the petitioner has no hope of prevailing. A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted. *See Rose* . . . , 455 U.S. 509, 515 . . . (noting that, "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act"); . . . .

*Cassett*, 406 F.3d at 624. Particularly in the absence of full briefing on the merits, the Court cannot go so far as to say that petitioner has "no hope of prevailing." *Cf. Saldivar v. McGrath*, 232 F. App'x 669, 670-71 (9th Cir. 2007) (vacating order denying a potentially-unexhausted claim for lack of merit and remanding for a determination regarding exhaustion, ) ("While we do not express a view on the ultimate merits of Petitioner's third due process claim, we cannot say that it is perfectly clear that he failed to raise a colorable claim."); *Pimpton v. Carey*, 216 F. App'x 696, 697 (9th Cir. 2007) ("Although we do not express a view on the ultimate merits of [the] Eighth Amendment claim, we cannot say that it is perfectly clear that it fails to present a colorable federal claim. [W]e vacate the . . . order denying relief on [that] claim and remand for further proceedings to determine whether the claim was properly exhausted.").

Instead, the Court will heed our Circuit's observation that "'the concern for comity weighs more heavily when it appears that a state prisoner's claim has arguable merit than when it is easily dismissed as frivolous by a federal court, thus saving a state court from needless and repetitive litigation.'" *Cassett*, 406 F.3d at 624 (quoting *Mercadel v. Cain*, 179 F.3d 271, 277 (5th Cir. 1999)). In this connection the Court would note that under both 28 U.S.C. § 1915 and the Rules Governing Section 2254 Habeas Corpus Applications in the District Courts, the Magistrate had the authority to recommend dismissal of this petition at the initial-screening stage, without even ordering the petition served on the respondent, on the additional or alternative ground that she found its claims to be very clearly meritless. The Magistrate did not

4

recommend summary dismissal for clear lack of merit, suggesting that she shares this Court's reluctance to say at this early stage that petitioner's unexhausted claims are clearly not even colorable.

## PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Absent a COA, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255", *Chafin v. Chafin*, – U.S. –, 133 S. Ct. 1017, – (2013) (Ginsburg, J., joined by Scalia & Breyer, JJ., concurring),[3][4] and the district court must issue or deny a COA when it enters a final order adverse to the applicant, *see* Rule 11(a) of Rules Governing § 2254 Cases. In practice,"[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)). A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The Court is mindful that it 'must resolve doubts about the propriety of a COA in the petitioner's favor'", *Adams v. Hedgpeth*, No. LA CV 14-01464-VBF Doc. ___ at 8 (C.D. Cal. Apr. 9, 2014) (quoting *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)), but no such doubt exists here. Reasonable jurists would not find it debateable that this petition is subject to *sua sponte* summary dismissal without prejudice because petitioner concedes that he has never presented any of these claims to the California Supreme Court as required for AEDPA exhaustion. At this juncture, then, the petition is not "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983).

## ORDER

---

[3] *See also* 9th Cir. R. 22-1(e) (appellants "shall brief only issues certified by the district court or the court of appeals") and R. 22-1(f) (appellees "need not respond to any uncertified issues").

[4] There is an exception not applicable here: a COA is not required to appeal an order denying a habeas petitioner's motion for appointed counsel. *See Vreeland v. Davis*, 543 F. App'x 739, 740 n.2 (10th Cir. 2013) and *Green v. Thaler*, 479 F. App'x 658, 659 (5th Cir. 2012) (citing *Harbison v. Bell*, 556 U.S. 180, 129 S. Ct. 1481 (2009)).

The petition for writ of habeas corpus is **DISMISSED without prejudice** for failure to exhaust state-court remedies.

A Certificate of Appealability is **DENIED**. This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals.[5]

As required by FED. R. CIV. P. 58(a)(1), the judgment will be issued separately.[6]

DATED:	April 15, 2014

*Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012); *see also* FED. R. APP. P. 22(b)(1).

[6] *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013). *Accord Brown v. Fifth Third Bank*, 730 F.3d 698, 699 (7th Cir. 2013); *Brown v. Recktenwald*, – F. App'x –, 2013 WL 6439653, *2 n.2 (3d Cir. Dec. 10, 2013) (p.c.). "To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims." *Daley v. USAO*, 538 F. App'x 142, 143 (3d Cir. 2013) (citation omitted). Conversely, "[a] combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription." *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008); *see, e.g., Daley*, 538 F. App'x at 143.